UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

GARY DAVIS, a/k/a Papa, a/k/a Gary
Thomas, a/k/a Andre Thomas,
*Defendant-Appellant.*

No. 00-4560

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-98-126-V)

Submitted: May 24, 2002

Decided: June 6, 2002

Before WIDENER, LUTTIG, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mark P. Foster, Jr., Charlotte, North Carolina, for Appellant. Robert
J. Conrad, Jr., United States Attorney, D. Scott Broyles, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Gary Davis was convicted after a guilty plea to conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999). Davis argues his sentence of 328 months imprisonment violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We affirm Davis' conviction and sentence.

Because Davis failed to raise an *Apprendi* claim in the district court, our review is for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). In order to demonstrate plain error, Davis must show that an error occurred, that the error was plain, and that the error affected his substantial rights. *Olano*, 507 U.S. at 732. If Davis can satisfy these requirements, we should not exercise our discretion to correct the error "unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Olano*, 507 U.S. at 732 (alteration in original) (quoting *United States v. Young*, 470 U.S. 1 (1985)). Davis' indictment did not allege a threshold drug quantity; therefore, he could only be properly sentenced to 240 months imprisonment. 21 U.S.C.A. § 841(b)(1)(C) (West 1999 & Supp. 2001). We find Davis' sentence of 328 months imprisonment is error, and the error was plain. We need not decide, however, whether the error affected Davis' substantial rights. Where the evidence is overwhelming and essentially uncontroverted as to the error, we will decline to correct it. *See United States v. Cotton*, ___ U.S. ___, 2002 WL 1008494 (U.S. May 20, 2002) (No. 01-687). We have reviewed the record and conclude the evidence of drug quantity, as derived from the stipulation in Davis' plea agreement, was overwhelming and essentially uncontroverted. Accordingly, because the drug quantity attributable to Davis was sufficient to invoke the enhanced sentencing provisions of § 841(b)(1)(A), we decline to correct his sentence.

We affirm Davis' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the judicial process.

*AFFIRMED*